# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 6:13-cv-922** |
| ) | |
| NEC CASIO MOBILE COMMUNICATIONS ) | |
| LTD., NEC CORPORATION OF ) | |
| AMERICA, and ) | |
| CELLCO PARTNERSHIP (d/b/a) ) | |
| VERIZON WIRELESS ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc.

("ADAPTIX"), complains against defendants, NEC Casio Mobile Communications, Ltd.

("NEC Casio"), NEC Corporation of America ("NEC America" collectively "NEC"), and

Cellco Partnership d/b/a Verizon Wireless ("Verizon")(NEC Casio, NEC America, and

Verizon may be referred to collectively as "Defendants"), as follows:

### THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business in the

Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      On information and belief, NEC Casio Mobile Communications, Ltd. is a

corporation registered and lawfully existing under the Laws of Japan, with a principal place of

business at 1753, Shiminumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, Japan, where

it can be served with process, and regularly does business throughout this judicial district and

1

by, among other things, committing jointly, directly, and/or indirectly the tort of patent infringement giving rise to this complaint.

3.      On information and belief, NEC Corporation of America is a Nevada corporation with a principal place of business at 6535 N. State Highway 161, Irving, TX 75039 and regularly does business throughout this judicial district and by, among other things, committing jointly, directly, and/or indirectly the tort of patent infringement giving rise to this complaint. NEC America has designated National Registered Agents Inc., located at 1021 Main Street, Suite 1150, Houston, TX 77002, and/or National Registered Agents Inc. of Nevada, 311 South Division Street, Carson City, Nevada 89703, as its agent for service of process.

4.      On information and belief, NEC Casio is a joint venture between three Japanese manufacturers: NEC Corporation, Casio Computer Co., Ltd., and Hitachi, Ltd., where NEC Corporation owns 70.14%, Casio Computer Co., Ltd. owns 20.00%, and Hitachi, Ltd. owns 9.26%.

5.      On information and belief, Casio Computer Co., Ltd. has an internet site (www.casiogzone.com/us/) which provides information concerning (a) *support* of certain computerized communications devices, including the G'zOne Commando 4G LTE device, infra.; (b) *a link to* download a "G'zOne Commando 4G LTE User Guide" that states, at page 274, that "G'zGEAR is trademark of NEC Casio Mobile Communications, Ltd." and, that "G'zOne is trademark of Casio Computer Co., Ltd.;" (c) *contact information* by phone (1-800-637-5917); by email (customercare@necam.com), and by regular mail (to NEC Corporation of America, 6535 HWY 161 Irving, TX 75039) regarding the G'zOne Commando 4G LTE device.

6.     On information and belief, Cellco Partnership *d/b/a* Verizon Wireless is a Delaware corporation with a principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and regularly does business throughout this judicial district and by, among other things, committing jointly, directly, and/or indirectly the tort of patent infringement giving rise to this complaint.  Verizon has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process. Alternatively, Verizon may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Verizon at its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920- Return Receipt Requested.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b, c) and 1400(b) because, among other reasons, defendants are subject to personal jurisdiction in this District, and  have committed and continue to commit acts of patent infringement in this Districts. For example, defendants have used, sold, offered for sale, and/or imported infringing products in this District.

9.     On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in

others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

10.     On information and belief, defendants have conducted and do conduct business within this District, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the '212 Patent and the '748 Patent, *infra*. (the "Asserted Patents").

### COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

11.     ADAPTIX incorporates paragraphs 1 through 10 herein by reference.

12.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§271 *et seq.*

13.     ADAPTIX is the owner by assignment of United States patent number 7,454,212, entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '212 patent") with ownership of all substantial rights in the '212 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '212 patent is attached as Exhibit A.

14.     The '212 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15.     ADAPTIX has been damaged as a result of Defendant's infringing conduct described in this Count. Defendants are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a

4

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §
284.

**(Direct Infringement)**

16.     On information and belief, each Defendant has and continues to directly
infringe at least one claim of the '212 patent in this judicial district and elsewhere in Texas
and the United States, including at least claim 1 by, among other things, making, using,
offering for sale, selling and/or importing computerized communications devices including,
without limitation, the **CASIO G'zOne COMMANDO 4G LTE** device *a/k/a* **Verizon
Wireless CASIO G'zOne COMMANDO 4G LTE** device *a/k/a* **CASIO GZ1
COMMANDO 4G LTE** (C811) device (http://www.casiogzone.com/us/4glte/) which, at a
minimum, directly infringe the '212 patent. Each Defendant is thereby liable for infringement
of the '212 patent pursuant to 35 U.S.C. § 271(a). Each Defendant's infringement has caused
damage to ADAPTIX, which infringement and damage will continue unless and until each
Defendant is enjoined.  Each Defendant is thereby liable for infringement of the '212 patent
pursuant to 35 U.S.C. § 271(a).

17.     On information and belief, Verizon has and continues to directly infringe at
least one claim of the '212 patent in this judicial district and elsewhere in Texas and the
United States, including at least claim 1 by, among other things, making, using, offering for
sale, selling and/or importing computerized communications devices including, without
limitation, the **CASIO G'zOne COMMANDO 4G LTE** device, the **Verizon Wireless
CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G
LTE** (C811) which, at a minimum, directly infringe the '212 patent.  Verizon's infringement
has caused damage to ADAPTIX, which infringement and damage will continue unless and

5

until Verizon is enjoined.  Verizon is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).

18.     Based upon information set forth in the preceding two paragraphs, on information and belief Defendants have and continue to directly and jointly infringe one or more claims of the '212 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 1by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811) which, at a minimum, directly infringe the '212 patent. Thereby, the Defendants are liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(a).  Defendants' infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Defendants are enjoined.  .

**(Indirect Infringement- Inducement)**

19.     Based on the information presently available to ADAPTIX, absent discovery, ADAPTIX contends that each Defendant has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 16 by, among other things, making, selling, testing, and/or importing the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), and/or advertising the LTE capability of the **Verizon Wireless CASIO G'Zone COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811).  Each Defendant's end users who purchase systems and components thereof and operate such systems and components in accordance with the Defendants' instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C §271(b).

20.     Based on the information presently available to ADAPTIX, absent discovery, , ADAPTIX contends that Verizon  has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 1 by, among other things, taking active steps to encourage and facilitate its customers to purchase and use the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), and/or advertising the LTE capability of the **Verizon Wireless CASIO G'Zone COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811). Verizon's customers who purchase systems and components thereof and operate such systems and components in accordance with Verizon's instructions directly infringe one or more claims of the '212 patent in violation of 35 U.S.C. § 271(b). Verizon's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until Verizon is enjoined. Verizon is thereby liable for infringement of the '212 patent pursuant to 35 U.S.C. § 271(b).

21.     On information and belief, Defendants have been on notice of the '212 patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

22.     On information and belief, since Defendants have been on notice of the '212 patent since at least service of this action, Defendants have been knowingly inducing infringement of the '212 patent, including at least claim 1 of the '212 patent, and possessing specific intent to encourage others' infringement.

23.     On information and belief, since Defendants have been on notice of the '212 patent since at least service of this action, Defendants knew or should have known that their

actions would induce actual infringement of the '212 patent, including at least claim 1 of the '212 patent.

24.      Defendants have not produced any evidence as to any investigation, design around, or that any remedial action was taken with respect to the '212 patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement- Contributory)**

25.      Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that Verizon  has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 18 by, among other things, contributing to the direct infringement of others, including entities such as Verizon end users of Defendant's computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), through supplying infringing systems and components, that infringe one or more claims of the '212 patent, including at least claim 18, in violation of 35 U.S.C. § 271(c).

24.      Based on the information presently available to ADAPTIX, absent discovery, ADAPTIX contends that Verizon has and continues to indirectly infringe one or more claims of the '212 patent, including at least claim 18 by, among other things, contributing to the direct infringement of others, including entities such as customers of Defendants' computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), through supplying infringing systems and components, that infringe one or more

claims of the '212 patent, including at least claim 18, in violation of 35 U.S.C. § 271(c).

25.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

26.     On information and belief, Defendants have been on notice of the '212 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '212 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

27.     Since Defendants have been on notice of the '212 patent since at least service of this action, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '212 patent, are especially made or especially adapted for use in infringement of the '212 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

28.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and continue to contributorily

infringe the '212 patent and written identification of exemplar products that infringe one or more claims of the '212 patent (e.g., systems used by end users of Defendants' computerized communications devices) and written notice of an exemplar material part of these devices (e.g., Defendants' computerized communications devices and the technology associated therewith) that are especially made or especially adapted for use in infringing the '212 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

### COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

29.      ADAPTIX incorporates paragraphs 1 through 28 herein by reference.

30.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq*.

31.      ADAPTIX is the owner by assignment of United States Patent No. 6,947,748 entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING" ("the '748 patent") with ownership of all substantial rights in the '748 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '748 patent is attached as Exhibit B.

32.      The '748 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33.      ADAPTIX has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to ADAPTIX in an amount that adequately compensates it for their infringement, which by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### (Direct Infringement)

34.     On information and belief, KYOCERA has and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claim 6 and 8 by, among other things, making, using, offering for sale, selling, and/or importing computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811) and others which, at a minimum, directly infringe the '748 patent. Each Defendant is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). Each Defendant's infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until each Defendant is enjoined.  Each Defendant is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

35.     On information and belief, Defendants have and continues to directly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811) which, at a minimum, directly infringe the '748 patent. Defendants are thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). Defendant's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Defendants are enjoined. Defendants

are thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a).

36.     Based upon information set forth in the preceding two paragraphs, on information and belief Defendants have and continue to directly and jointly infringe one or more claims of the '748 patent in this judicial district and/or elsewhere in Texas and the United States, including at least claims 6 and 8 by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811) which, at a minimum, directly infringe the '748 patent. Thereby, Defendants are jointly liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(a). Defendants' joint infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until Defendants are enjoined.

**(Indirect Infringement - Inducement)**

37.     Based on the information presently available to ADAPTIX, absent discovery, ADAPTIX contends that each Defendant has and continues to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, making, selling, testing, and/or importing the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), and/or advertising the LTE capability of the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811) which, at a minimum, directly infringe the '748 patent. Each Defendant's end users who purchase systems and components thereof and operate such systems and components in accordance with Defendants' instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b). Each Defendants' infringement has caused damage to ADAPTIX, which infringement and damage

to ADAPTIX will continue unless and until Defendants are enjoined.  Each Defendant is thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

38.    Based on the information presently available to ADAPTIX, absent discovery, ADAPTIX contends that Defendants have and continue to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, taking active steps to encourage and facilitate their customers to purchase and use the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811). Defendant's customers who purchase systems and components thereof and operate such systems and components in accordance with Defendant's instructions directly infringe one or more claims of the '748 patent in violation of 35 U.S.C. § 271(b). Defendants' infringement has caused damage to ADAPTIX, which infringement and damage to ADAPTIX will continue unless and until Defendants are enjoined. Defendants are thereby liable for infringement of the '748 patent pursuant to 35 U.S.C. § 271(b).

39.    On information and belief, Defendants have been on notice of the '748 patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

40.    On information and belief, since Defendants have been on notice of the '748 patent since at least service of this action, Defendants have been knowingly inducing infringement of the '748 patent, including at least claim 19 of the '748 patent, while also possessing the specific intent to encourage others' infringement.

41.     On information and belief, since Defendants have been on notice of the '748 patent since at least service of this action, Defendants knew or should have known that their

actions would induce actual infringement of the '748 patent, including at least claim 19 of the '748 patent.

42. Defendants have not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '748 patent. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

**(Indirect Infringement - Contributory)**

43. Based on the information presently available to ADAPTIX, absent discovery, and in the alternative to direct infringement, ADAPTIX contends that each Defendant has and continues to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, contributing to the direct infringement of others, including entities such as Verizon and end users of NEC's computerized communications devices, including without limitation the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), through supplying infringing systems and components, that infringe one or more claims of the '748 patent, including at least claim 19, in violation of 35 U.S.C. § 271(c).

44. Based on the information presently available to ADAPTIX, absent discovery, ADAPTIX contends that Defendants have and continue to indirectly infringe one or more claims of the '748 patent, including at least claim 19 by, among other things, contributing to the direct infringement of others, including entities such as customers of Verizon's computerized communications devices, including without limitation the **Verizon Wireless CASIO G'zOne COMMANDO 4G LTE** device, and the **CASIO GZ1 COMMANDO 4G LTE** (C811), through supplying infringing systems and components, that infringe one or more claims of the

'748 patent, including at least claim 19, in violation of 35 U.S.C. § 271(c).

45.     Defendants have and continue to contribute to the direct infringement of others, such as end users of Defendants' computerized communications devices, by making, offering to sell, selling, re-selling, and/or importing into the United States a component of a patented apparatus that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. An example of such a material component offered for sale, sold, and/or imported by Defendants is Defendants' computerized communications devices and the technology associated therewith.

46.     On information and belief, Defendants have been on notice of the '748 patent since at least service of this action, or before, but has continued since that time to cause others to directly infringe the '748 patent as alleged herein. In accordance with Fed. R. Civ. P. 11(b)(3), ADAPTIX will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

47.     Since Defendants have been on notice of the '748 patent since at least service of this action, Defendants knew or should have known that Defendants' computerized communications devices and the technology associated therewith constituted material components of the inventions claimed in the '748 patent, are especially made or especially adapted for use in infringement of the '748 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

48.     By virtue of at least this Complaint, Defendants have been provided with written notice of ADPATIX's allegations that Defendants have and continue to contributorily

infringe the '748 patent and written  identification of exemplar products that infringe one or

more claims of the '748 patent (e.g., systems used by end users of Defendants' computerized

communications devices) and written notice of an exemplar material part of these devices

(e.g., Defendants' computerized communications devices and the technology associated

therewith) that are especially made or especially adapted for use in infringing the '748 patent

and are not staple articles or commodities of commerce suitable for substantial non-infringing

use.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R.

Civ. P. 38.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that each defendant has infringed the '212

and '748 patents, directly and indirectly, as aforesaid;

B. A permanent injunction enjoining each defendant, its officers, directors,

agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others

acting in active concert or privity therewith from direct and/or indirect infringement of the

'212 and '748 patents pursuant to 35 U.S.C. § 283;

C. An order requiring each defendant to pay ADAPTIX its damages with pre-

and post-judgment interest and costs thereon pursuant to 35 U.S.C. § 284;

D. A determination that this case is exceptional pursuant to 35 U.S.C. § 285;
and

E.      Any and all further relief to which the Court may deem ADAPTIX is entitled.


Date: November 27, 2013          **ADAPTIX, INC.**

By: */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone:  (903) 730-6789
Email:  craig@tadlocklawfirm.com
Email:  keith@tadlocklawfirm.com


Paul J. Hayes
Samiyah Diaz
Steven E. Lipman
**HAYES, MESSINA, GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA  02109
Tel: (978) 809-3850
Fax: (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  sdiaz@hayesmessina.com
Email:  slipman@ hayesmessina.com


**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**