**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-cv-585** |
| | § | |
| **NEC CASIO, ET AL.** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-cv-778** |
| | § | |
| **PANTECH, ET AL.** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-cv-922** |
| | § | |
| **NEC, ET AL.** | § | |

**PROPOSED JOINT DISCOVERY / CASE MANAGEMENT PLAN**

In accordance with the Court's April 28, 2014 Order to Meet, Report, and Appear at Scheduling Conference in connection with the above-referenced actions and Fed. R. Civ. P. 26(f), the foregoing Plaintiff and Defendants submit this Joint Report reflecting the parties' detailed case management plan.

1.  **State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.**

The conference was held telephonically on June 4, 2014.  The counsel who attended are:

| Party | In Attendance |
|---|---|
| Plaintiff Adaptix, Inc. | Kevin Gannon<br>Massachusetts Bar No. 640931<br>Admitted  MA<br>HAYES, MESSINA, GILMAN & HAYES, LLC<br>200 State Street, 6th Floor<br>Boston, MA  02109<br>Tel:   (617) 345-6000<br>Fax:  (617) 443-1999<br>Email: Kgannon@ hayesmessina.com |
| Defendants  NEC  Casio  Mobile Communications LTD., NEC Corporation of America, AT&T Mobility LLC, and AT&T Inc. | Rick L. Rambo<br>Adam A. Allgood<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>Tel: (713) 890-5000<br>Fax: (713) 890-5001<br>rrambo@morganlewis.com<br>aallgood@morganlewis.com |
| Defendant  Cellco  Partnership  d/b/a  Verizon Wireless | Geoffrey M. Godfrey<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>950 Page Mill Road<br>Palo Alto, CA 94303<br>Tel: (650) 858-6000<br>Fax: (650) 858-6100<br>geoff.godfrey@wilmerhale.com |
| Defendants  Pantech  Co.  Ltd.  and  Pantech Wireless, Inc. | Oluwaseun O. Ajayi<br>H.C. Park & Associates PLC<br>1894 Preston White Drive<br>Reston, VA 20191<br>Tel:  (703) 288-5105<br>Fax: (703) 288-5139<br>oajayi@park-law.com |
| Defendants AT&T Mobility LLC, and AT&T Inc. | James L. Duncan, III<br>Michael F. Reeder, II<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1111 Louisiana St., 44th Floor<br>Houston, TX 77002<br>Tel.: 713.220.5800<br>Fax: 713.236-0822<br>jduncan@akingump.com<br>mreeder@akingump.com |

**2.** **List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.**

There are no unrepresented parties.  Counsel for both parties have agreed that a Live

Scheduling Conference is **NOT** necessary. Should the Court feel such a conference is necessary,

then the following parties agree to be present:

| Party | In Attendance |
|---|---|
| Plaintiff Adaptix, Inc. | Craig Tadlock<br>Texas State Bar No. 00791766<br>TADLOCK LAW FIRM PLLC<br>2701 Dallas Parkway, Suite 360<br>Plano, Texas 75093<br>Tel:  (903) 730-6789<br>Email:  craig@tadlocklawfirm.com |
| Defendants     NEC     Casio     Mobile Communications LTD., NEC Corporation of America, AT&T Mobility LLC, and AT&T Inc. | Adam A. Allgood<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>Tel: (713) 890-5000<br>Fax: (713) 890-5001<br>rbusby@morganlewis.com<br>aallgood@morganlewis.com |
| Defendant Cellco Partnership d/b/a Verizon Wireless | Michael E. Jones<br>State Bar No.10929400<br>mikejones@potterminton.com<br>Allen F. Gardner<br>State Bar No. 24043679<br>allengardner@potterminton.com<br>POTTER MINTON<br>A Professional Corporation<br>110 N. College, Suite 500<br>Tyler, Texas 75702<br>903 597 8311<br>903 593 0846 (Facsimile) |
| Defendants Pantech Co. Ltd. and Pantech Wireless, Inc. | Alan A. Wright<br>Oluwaseun O. Ajayi<br>Brendan P. O'Shea<br>H.C. Park & Associates PLC |

| | |
|---|---|
| | 1894 Preston White Drive<br>Reston, VA 20191<br>Tel:  (703) 288-5105<br>Fax: (703) 288-5139<br>awright@park-law.com<br>oajayi@park-law.com<br>boshea@park-law.com<br><br>Melissa Richards Smith<br>Gillam & Smith, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Tel:  (903) 934-8450<br>Fax: (903) 934-9257<br>msmith@gillamsmithlaw.com |
| Defendants AT&T Mobility LLC, and AT&T Inc. | Charles Everingham, IV<br>Texas Bar No. 00787447<br>ceveringham@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>911 West Loop 281, Suite 412<br>Longview, TX 75604<br>Tel.: 903.297.7404<br>Fax: 903.297.7402<br><br>James L. Duncan, III<br>Texas Bar No. 24059700<br>jduncan@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1111 Louisiana St., 44th Floor<br>Houston, TX 77002<br>Tel.: 713.220.5800<br>Fax: 713.236-0822 |

**3.   List the correct names of the parties to the actions.**

   (a)      Adaptix, Inc.

   (b)      NEC Casio Mobile Communications, LTD.

   (c)      NEC Corporation of America

   (d)      Pantech Co. LTD.

   (e)      Pantech Wireless, Inc.

   (f)      AT&T, Inc.

  (g)  AT&T Mobility, LLC

  (h)  Cellco Partnership d/b/a Verizon Wireless

  **4. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.**

  This Joint Discovery and Case Management Plan covers three cases brought by Adaptix. These cases deal with two U.S. Patents – Nos. 7,454,212 and 6,947,748 (the "patents-in-suit"). Adaptix has filed suit on the same patents against Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc. and other defendants in the following cases: E.D. Tex. Case Nos. 6:12-17, 20, 120, 6:13-438, 439, 440, 441, 443, 444, 445, and 446 and N.D. Cal. Case Nos. 5:13-1774, 1776, 1777, 1778, 1844, 2023.  N.D. Cal. Case Nos. 5:13-1774, 1776, 1777, 1778, 1844, 2023 were first filed in the Eastern District of Texas.  The Court granted motions to transfer those cases to the Northern District of California.  The following cases were initially filed in the Eastern District of Texas but transferred to the Northern District of California.  Those cases include: 5:14-cv-1379, 1380, 1385, 1386, 1387. The following cases were originally filed in the Northern District of California: 5:14-cv-2359, 2360.  All of these cases concern the same patents-in-suit.

  Additionally, Adaptix has filed suit on other patents, including related patents, against Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc. and other defendants in the following cases: E.D. Tex. Case Nos. 6:12-22, 122, 123, 369, 6:13-49, 50, and 6:14-cv-501, 502.

  **5. Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.**

  Adaptix asserts that the defendants infringe the patents-in-suit.  Adaptix asserts that the accused technology in these cases is found in Defendants' LTE-compliant wireless devices *a/k/a* "handsets."  These products provide wireless communication compliant with portions of the next-generation LTE ("Long-Term Evolution") specifications, as developed by the 3rd Generation Partnership Project ("3GPP").  A feature of the 3GPP LTE specifications is the use of

Orthogonal Frequency-Division Multiple-Access ("OFDMA").   This scheme divides the frequency bandwidth into smaller units, called subcarriers, in a way (orthogonal) that allows the subcarriers to be closely spaced with reduced interference.   At issue is how best to allocate subcarriers to subscribers.   Adaptix asserts that the patents-in-suit offer a solution to this problem by describing systems and methods for allocating subcarriers to subscribers in an efficient manner.

Adaptix has pleaded joint, direct, and indirect infringement of the patents-in-suit by each of the Defendants in each of the cases based on the manufacture, use, sale, and importation of certain mobile devices operating on certain wireless networks.   Adaptix seeks damages and a permanent injunction against each of the Defendants in those cases.

Defendants have each filed Answers and/or Counterclaims, asserting that none of the asserted patents is infringed and that each is invalid or unenforceable under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, 282, and the doctrine of obviousness-type double patenting.   Defendants have also asserted other defenses, such as laches, estoppel, waiver, limitations on damages, license, exhaustion, unclean hands, and implied waiver. Defendants contend that Adaptix should take nothing and that Adaptix is not entitled to injunctive relief. Defendants have also requested that the Court find that this is an exceptional case and award Defendants their attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise.

**6. List anticipated additional parties that may be included, when they might be added, and by whom.**

The parties are not aware of any anticipated additional parties at this time.

**7. List anticipated intervenors.**

The parties are not aware of any anticipated intervenors at this time.

**8.   Describe the proposed discovery/case management plan, including:**

*(a)      In accordance with Rule 26(f):*

*(1)      Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made. See also Proposed Dates For Scheduling, ¶ 15;*

The changes to the schedule regarding disclosures that the parties propose (without disturbing the deadlines designated by the Court as not to be altered) are set forth in the attached Exhibit A - Proposed Scheduling and Discovery Order.

*(2)      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues. (For example, whether fact and expert discovery be conducted in phases.) See also Proposed Dates For Scheduling, ¶ 15;*

The parties generally anticipate discovery on various issues relevant to the claims and defenses in the case, such as inventorship, conception, reduction to practice, prior art, accused product operation, assignment and ownership rights, licensing, third-party fact discovery, commercial embodiments and the sales or marketing thereof, sales and marketing of the accused products, expert discovery, and other related issues.   The parties agree to the deadlines as indicated in the attached Exhibit A, which includes conducting fact and expert discovery in phases.

*(3)      In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;*

The parties contemplate meeting and conferring regarding the Court's standing Order Regarding E-Discovery in Patent Cases ("standard ESI Order") on any proposed modifications to the standard ESI Order within 30 days after the Federal Rule of Civil Procedure 16 conference.

*(4)      The steps already taken or that will be taken for preserving discoverable information, including ESI;*

6

Subject to attorney/client and work product privilege protections, the parties generally state that they have preserved discoverable information specific to these cases and any related litigations regarding the asserted patents. In particular, each party has issued a litigation hold memorandum to potentially relevant custodians and has preserved data of potential relevance to the patents-in-suit and/or the accused products.

(5)     *Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and*

The parties expect to negotiate such an agreement in connection with the standard ESI Order and/or an agreed protective order.

(6)     *Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.*

Attached as Exhibit A is the Court's standard Discovery Order with the Parties' agreed and respective proposed changes.

(b)     *Of whom and by when Plaintiff anticipates taking oral depositions.*

By the fact discovery deadline reflected in the attached Exhibit A, Plaintiff anticipates taking the depositions of the Defendants, their various current and former principles, officers, agents, or employees, on multiple issues; prior art and other technical witnesses; and third parties regarding technical and economic issues.

(c)     *Of whom and by when Defendants anticipates taking oral depositions.*

By the fact discovery deadline reflected in the attached Exhibit A, Defendants anticipate taking the depositions of Adaptix, some or all of the inventors named on the face of the patents-in-suit; various current and former officers, agents, or employees of Adaptix, third party Acacia, and any of Adaptix's predecessor companies; third parties in the assignment chain/predecessors

in interest of the patents-in-suit; prior art witnesses; and various attorneys responsible for prosecuting the claims of the patents-in-suit.

(d)     *When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.*

Parties with the burden of proof, to the extent they have such burden of proof on an issue, anticipate taking expert depositions after service of expert reports or declarations and by the deadline for expert discovery set forth in Exhibit A.

(e)     *When the opposing party anticipates taking expert depositions and the anticipated completion date.*

Defendants anticipate taking expert depositions after service of Plaintiff's expert reports or declarations and by the deadline for expert discovery set forth in Exhibit A.

(f)     *Whether the Court should authorize the filing under seal of any documents containing confidential information.*

The parties expect to negotiate and request that the Court enter an agreed protective order and authorize the filing under seal of various documents and pleadings containing confidential or highly confidential information.

(g)     *If the parties disagree on any part of the discovery plan, describe the opposing views.*

None.

**9.  Specify any discovery beyond the initial disclosures that has taken place to date.**

None.

**10. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.**

(a)     *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.*

While no specific settlement or resolution of the case was discussed in the Rule 26(f) meeting, the parties are open to discussing settlement at the appropriate later state in this case.

(b)    *Describe what each party has done or agreed to do to bring about a prompt resolution of this case.*

While no party has done or agreed to do anything specific to bring about a prompt resolution of this case in the Rule 26(f) meeting, the parties are open to discussing settlement at the appropriate later state in this case.

(c)    *State whether a demand and an offer have been made.*

No party has made a demand or an offer that would lead to prompt resolution of this case.

However, the parties are open to discussing settlement at the appropriate later state in this case.

(d)    *If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.*

The parties have not agreed on a specific mediator.

**11. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.**

The parties do not agree to trial before a United States Magistrate Judge.

**12. State whether a jury demand has been made and if it was made on time.**

All parties have made timely jury demands.

**13. List all pending motions.**

None.

**14. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.**

None.

**15. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.**

The parties have done so, and those filings were completed on or before March 13, 2014.

**16. Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating**

**answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.**

Attached as Exhibit A is the parties' proposed Scheduling and Discovery Order.

Dated: June 17, 2014

/s/ *Paul J. Hayes*

Paul J. Hayes
Steven E. Lipman
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel:  (617) 345-6900
Fax:  (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  slipman@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**

## CERTIFICATE OF CONFERENCT

I hereby certify that counsel for Plaintiff conferred with counsel for Defendants and the parties agree to the form and substance of this Joint Report reflecting the parties' detailed discovery and case management plan.

 /s/  *Paul J. Hayes*
Paul J. Hayes


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on June 17, 2014.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

 /s/  *Paul J. Hayes*
Paul J. Hayes