# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| ADAPTIX, INC. | § | |
|---|---|---|
| v. | § | No. 6:13cv585 |
| NEC CASIO, ET AL. | § | |

| ADAPTIX, INC. | § | |
|---|---|---|
| v. | § | No. 6:13cv778 |
| PANTECH, ET AL. | § | |

| ADAPTIX, INC. | § | |
|---|---|---|
| v. | § | No. 6:13cv922 |
| NEC, ET AL. | § | |

## SCHEDULING AND DISCOVERY ORDER

Based on a review of the case, and in accordance with the parties' Proposed Rule 26(f) Scheduling and Discovery Order, the Court enters this case specific order which controls pretrial discovery and disposition of this action pending further order of the Court.[1]

### I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve disclosure of asserted claims and infringement contentions (P.R. 3-1 and 3-2) | July 15, 2014 |

---

[1] The parties shall meet and confer regarding the Court's standing Order Regarding E-Discovery in Patent Cases as well as a protective order and shall submit agreed Orders to the Court for signature within thirty days from the date of entry of this Order.

| | |
|---|---|
| Deadline to add additional parties (¶ 3) | July 22, 2014 |
| Deadline to amend pleadings on issues other than inequitable conduct (¶ 3) | July 22, 2014 |
| Deadline to file motion to transfer | July 10, 2014 |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | August 15, 2014 |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | September 8, 2014 |
| Deadline to serve initial disclosures (¶ 1) | September 12, 2014 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | September 14, 2014 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | October 1, 2014 |
| Deadline to submit required tutorial | January 20, 2015 |
| Discovery deadline—claim construction | November 3, 2014 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | November 3, 2014 |
| Deadline to file motions to dismiss (¶4) | November 14, 2014 |
| Deadline for Additional Disclosures (¶2) | November 17, 2014 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | December 1, 2014 |
| Deadline to file motion for summary judgment of indefiniteness | December 1, 2014 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | December 8, 2014 |

| | |
|---|---|
| Deadline to file response to motion for summary judgment of indefiniteness | December 8, 2014 |
| Deadline to file reply to motion for summary judgment of indefiniteness | December 15, 2014 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | December 15, 2014 |
| Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6) | February 3, 2015 at 10:00 a.m.<br><br>Tyler, Texas<br><br>Judge Steger's Courtroom, 3rd floor |
| Deadline for amending pleadings to assert inequitable conduct defenses | February 27, 2015 |
| Fact discovery deadline (¶8) | April 3, 2015 |
| Deadline to exchange privilege logs (¶ 5) | April 24, 2015 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 6) | May 14, 2015 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | May 21, 2015 |
| Deadline to notify Court of mediator (¶ 8) | June 5, 2015 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 6) | June 18, 2015 |
| Deadline to complete **required** mediation (¶ 9) | June 26, 2015 |
| Expert Discovery deadline (¶ 8) | July 23, 2015 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 10) | September 3, 2015 |

| | |
|---|---|
| Deadline to file a response to dispositive motion | September 24, 2015 |
| Deadline to file a reply to dispositive motion | October 8, 2015 |
| Deadline for parties to exchange pretrial disclosures (¶ 11) | December 21, 2015 |
| Deadline to notify Court of daily transcript or realtime request (¶ 12) | December 21, 2015 |
| Deadline for parties to exchange objections to pretrial disclosures   (¶ 11) | January 8, 2016 |
| Deadline for parties to meet and confer on resolving objections (¶ 13) | January 15, 2016 |
| Deadline to file pretrial materials (¶ 14) | January 22, 2016 |
| Deadline for parties to exchange exhibits (¶ 15) | February 19, 2016 |
| Pretrial conference before Judge Craven and trial setting in Tyler, Texas (¶ 16) | February 22, 2016 at 11:00 a.m.<br><br>6:13cv585<br><br>February 23, 2016 at 11:00 a.m.<br><br>6:13cv778<br><br>February 24, 2016 at 11:00 a.m.<br><br>6:13cv922 |

## II. DETAILED INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[2] and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the

---

[2] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

parties, finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. A party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1. **Initial Disclosures:** To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures consist of the disclosures required by Rule 26(a)(1) and the information listed below:

   a. the correct names of the parties to the lawsuit;

   b. the name, address, and telephone number of any potential parties;

   c. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   d. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   e. any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or

       all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   f.    any settlement agreements relevant to the subject matter of this action;

       **Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**2.**    **Additional Disclosures.** Consistent with the deadlines and requirements of the Scheduling and Discovery Order, each party shall provide to every other party the following information:

   a.    The disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Scheduling and Discovery Order;

   b.    To the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, and without awaiting a discovery request (yet consistent with the deadlines and requirements of the Scheduling and Discovery Order), a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. The production of materials may occur on a rolling basis, but shall be made diligently and shall be as complete as possible by any applicable date set forth in the Scheduling and Discovery Order. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    c.    In accordance with the deadlines and requirements of the Scheduling and Discovery Order, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

3. **Joinder of Additional Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings (other than to plead with specificity a defense of inequitable conduct) must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). All amendments of pleadings on issues of inequitable conduct have a separate deadline, as listed above. Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

4. **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

5. **Privilege Logs:** There is no duty to disclose privileged documents or

information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than thirty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log. Except as necessary to comply with P.R. 3-7, the parties are not required to include in their privilege logs any protected documents that came into existence on or after January 13, 2012, which was the filing date of the complaint in the earliest-filed Adaptix case currently pending before this court.

6. **Experts:**

   a. **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to four testifying expert witnesses.*

   b. **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to four testifying expert witnesses.*

   c. **Rebuttal Expert(s):** If the evidence is intended

        solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

    d.   **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 10.

**7.**   **Discovery Limitations:** Discovery is limited in this cause to the disclosures described in Paragraphs 1, 2, and 6, as well as the entered Order Regarding E-Discovery, together with the following:

a. 10 common interrogatories per Side;

b. 10 individual interrogatories for Plaintiff per Defendant. Similarly, there will be 10 individual interrogatories allowed per Defendant and Defendant Group;

c. Plaintiff may serve up to twenty (20) requests for admission collectively on the Defendants in the above-captioned actions, and up to fifteen (15) additional individual request for admission on each Defendant or, where applicable, each Defendant Group. The Defendants in the above-captioned actions shall be allowed twenty (20) collective requests for admission and fifteen (15) additional individual requests for admission per Defendant or, where applicable, per Defendant Group;

d. The number of requests for admission to establish the authenticity or admissibility of a document is unlimited;

e. 150 hours of non-expert oral party deposition testimony per Side. No Plaintiff or Defendant Group shall be subject to more than 5 depositions, without leave of Court. No Defendant Group, including employees, will be subject to more than 35 hours of deposition time. The Defendants in the above-captioned actions may take a collective maximum of ne-hundred-and-fifty (150) hours of total fact deposition testimony of Adaptix in all of the above-captioned actions, including employees, such time to be split according to agreement by the Defendants;

f. No inventor will be deposed for more than 7 total hours of 30(b)(1)

deposition time by the Sides. Defendants may use for all purposes in the above-captioned cases the inventor depositions taken in all other cases brought by Adaptix involving the patents-in-suit ("Adaptix Actions");

g. Parties agree that Parties will make best efforts to coordinate scheduling of any depositions in the following actions so that related Defendants in both Districts have the opportunity to attend those depositions: Northern District of California Actions- 5:14-cv-1259, 1379, 1380, 1385, 1386, 1387, 2359, and 2360; Eastern District of Texas Actions 5:14-cv-2359, 2360, 6:14-cv-501, 502, 6:13-cv-853, and 854.. Further, Defendants agree that they will cooperate to avoid redundant testimony of any of Plaintiff's witnesses. Defendants may use, for all purposes in the above-captioned cases, the depositions of Plaintiff's witnesses taken in all other Adaptix Actions. Nothing in the above provision shall preclude any Defendant from deposing any witness.

h. Plaintiff may use for all purposes in the above-captioned cases the depositions of Verizon and AT&T employees who have been previously deposed in the Adaptix Actions. Plaintiff is precluded from deposing again any respective AT&T or Verizon employee who has been previously deposed or seeking testimony on the same or substantially similar 30(b)(6) topic that was previously served on AT&T or Verizon in an Adaptix Action absent permission from this Court upon a showing of good cause;

i. Depositions on written questions of custodians of business records for third parties for purposes of establishing authenticity of a document are unlimited;

j. Plaintiff may depose each non-infringement expert for seven (7) hours. Each Defendant in the above-captioned actions or, where applicable, Defendant Group may depose each infringement expert testifying against it for seven (7) hours.

k. Plaintiff may depose each invalidity expert for seven (7) hours. Each Defendant in the above-captioned actions or, where applicable, Defendant Group may depose each validity expert testifying against it for seven (7) hours. If the same expert testifies against Plaintiff or Defendant/Defendant Group regarding both (non)infringement and (in)validity, then Plaintiff or Defendant/Defendant Group may depose that expert for fourteen (14) hours.

l. Each Plaintiff or Defendant/Defendant Group may depose each damages expert testifying against it for seven (7) hours.

m. The parties agree that at depositions where the deponent requires an interpreter, there shall be an official interpreter hired by the side taking the deposition if the deponent states under oath that he or she (i) is not able to

understand and speak in English, and (ii) states under oath that he or she does not normally converse in English with others, including but not limited to work/business-related colleagues and third parties (such as in a work/business environment). The parties further reserve the right to hire their own interpreter to verify the translation by the official interpreter. Should the party required to pay the costs of an interpreter ultimately prevail on the merits, the costs of hiring an interpreter shall be taxed in favor of the prevailing party against the losing party.

n. For purposes of these limitations, "Side" means a party or a group of parties in Civil Action No. 6:13-cv-433, Civil Action No. 6:13-cv-585, Civil Action No. 6:13-cv-778, Civil Action No. 6:13-cv-853, Civil Action No. 6:13-cv-854, and Civil Action No. 6:13-cv-922 with a common interest;

o. For the purposes of these limitations, "Defendant Group" means a group of parties that are under common ownership (e.g. NEC Corporation of America and NEC Casio Mobile Communications, Ltd. collectively are a single defendant group);

p. For the purposes of these limitations, Plaintiff means Adaptix, Inc.

8. **Completion of Discovery:** All discovery—including discovery concerning expert witnesses—must be completed by the dates listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court.

> **Absent further order of this Court, each party's discovery in this cause is limited to the disclosures described in this order and the Local Patent Rules, the additional discovery described in this order, and depositions on written questions of custodians of business records for third parties. Time will count whether used in direct examination or cross-examination of any witness.**

The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the

        same subject more than once in this litigation. The Court will deem depositions of opposing parties and their employees or representatives admissible against parties involved in related ligation, pursuant to Federal Rule of Evidence 801(d)(2).

        Counsel are directed to contact the Discovery Hotline provided by Local Rule CV-26(f) for resolution of discovery disputes that are not able to be briefed, such as disputes arising during a deposition.

**9.**     **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

**10.**    **Dispositive Motions:** All motions that would dispose of all or any part of this case (including motions for **summary judgment and *Daubert* motions**) must be filed by the date listed above. The parties are reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than thirty pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than sixty pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

11. **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **7 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[3] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

12. **Notice of Request for Daily Transcript or Real Time Reporting:** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than

---

[3] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

sixty days before the pretrial conference.

13. **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

14. **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

    a. **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

    b. **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

    **(i)** the **names and addresses** of each witness;

    **(ii)** a **brief narrative summary** of the testimony;

    **(iii)** whether the witness has been **deposed**; and

    **(iv)** the **expected duration** of direct and cross-examination of the witness.

c. **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

    **(i)** Describe with specificity the documents or things in numbered sequence.

    **(ii)** Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

    WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

    **(iii)** Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no

        objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

    d. **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

    e. **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

    f. **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will

        help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

    g.    **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

    h.    **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

**15.**    **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

**16.**    **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and

procedures for trial will be discussed. **At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

**At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits in tabbed, three-ring binders.**

17. **Modification of Scheduling and Discovery Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

18. **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence.

This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 25th day of June, 2014.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE