## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEC CASIO MOBILE COMMUNICATIONS LTD., NEC CORPORATION OF AMERICA, and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendants. | Civil Action No. 6:13-cv-922<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS OF CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") hereby responds to the allegations set forth in the Complaint of Plaintiff ADAPTIX, Inc. ("Adaptix") as follows:

## THE PARTIES[1]

1.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2.      No answer is required to the allegations in paragraph 2 as they are entirely directed to a defendant other than Verizon.  To the extent an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies them.

---

[1]      For convenience and clarity, Verizon's Answer utilizes the same headings as set forth in Adaptix's Complaint.  In so doing, Verizon does not admit any of the allegations contained in Adaptix's headings.

3.      No answer is required to the allegations in paragraph 3 as they are entirely directed to a defendant other than Verizon.  To the extent an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies them.

4.      No answer is required to the allegations in paragraph 4 as they are entirely directed to a defendant other than Verizon.  To the extent an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and therefore denies them.

5.      No answer is required to the allegations in paragraph 5 as they are entirely directed to a defendant other than Verizon.  To the extent an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies them.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon avers that it is a Delaware general partnership with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and that it does business in Texas and within this District, but denies the remaining allegations of paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of the products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 7.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the

extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 8.  Verizon further avers that for this case venue is more appropriate and convenient in the Northern District of California.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 9.

10.     Paragraph 10 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 10.

**COUNT I**
**(Infringement of U.S. Patent No. 7,454,212)**

11.     Verizon incorporates answers in paragraphs 1 through 10 by reference.

12.     Paragraph 12 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies them.

13.     Paragraph 13 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies them.

14.     Denied.

15.     Verizon denies the allegations of paragraph 15 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies them.

(**Direct Infringement**)

16.     Verizon denies the allegations of paragraph 16 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and therefore denies them.

17.     Denied.

18.     Denied.

(**Indirect Infringement – Inducement**)

19.     Verizon denies the allegations of paragraph 19 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and therefore denies them.

20.     Denied.

21.     Verizon admits that it has been on notice of the '212 patent since at least service of this action.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore denies them.

22.     Verizon denies the allegations of paragraph 22 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and therefore denies them.

23.     Verizon denies the allegations of paragraph 23 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23, and therefore denies them.

24.     Verizon denies the allegations of paragraph 24 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and therefore denies them.

(**Indirect Infringement – Contributory**)

25.     Denied.

26.     Denied.[2]

27.     Verizon denies the allegations of paragraph 27 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and therefore denies them.

28.     Verizon admits that it has been on notice of the '212 patent since at least service of this action.  Verizon denies the remaining allegations of paragraph 28 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 to the extent that they are directed to a defendant other than Verizon, and therefore denies them.

29.     Verizon denies the allegations of paragraph 29 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and therefore denies them.

30.     Paragraph 30 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 30 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to

---

[2]     Adaptix's Complaint contains typographical errors in the numbering of its paragraphs. Specifically, the paragraphs *after* paragraph 25 are labeled paragraphs 24-48 instead of paragraphs 26-50.  Verizon's Answer refers to paragraphs in Adaptix's Complaint as if they had been correctly numbered from 1-50.

form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore denies them.

## COUNT II
### (Infringement of U.S. Patent No. 6,947,748)

31.    Verizon incorporates answers in paragraphs 1 through 30 herein by reference.

32.    Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore denies them.

33.    Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and therefore denies them.

34.    Denied.

35.    Verizon denies the allegations of paragraph 35 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and therefore denies them.

### (Direct Infringement)

36.    Verizon denies the allegations of paragraph 36 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36, and therefore denies them.

37.    Verizon denies the allegations of paragraph 37 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37, and therefore denies them.

38.    Denied.

(**Indirect Infringement – Inducement**)

39.     Verizon denies the allegations of paragraph 39 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39, and therefore denies them.

40.     Verizon denies the allegations of paragraph 40 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40, and therefore denies them.

41.     Verizon admits that it has been on notice of the '748 patent since at least service of this action.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and therefore denies them.

42.     Verizon denies the allegations of paragraph 42 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42, and therefore denies them.

43.     Verizon denies the allegations of paragraph 43 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43, and therefore denies them.

44.     Verizon denies the allegations of paragraph 44 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44, and therefore denies them.

(**Indirect Infringement – Contributory**)

45.     Verizon denies the allegations of paragraph 45 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45, and therefore denies them.

46.     Verizon denies the allegations of paragraph 46 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46, and therefore denies them.

47.     Verizon denies the allegations of paragraph 47 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47, and therefore denies them.

48.     Verizon admits that it has been on notice of the '748 patent since at least service of this action.  Verizon denies the remaining allegations of paragraph 48 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 to the extent that they are directed to a defendant other than Verizon, and therefore denies them.

49.     Verizon denies the allegations of paragraph 49 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49, and therefore denies them.

50.     Paragraph 50 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon denies the allegations of paragraph 50 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50, and therefore denies them.

## DEMAND FOR JURY TRIAL

Verizon denies that Adaptix is entitled to a trial by jury on any of the claims raised in its Complaint.

## PRAYER FOR RELIEF

Verizon denies that Adaptix is entitled to any of the relief requested.

## VERIZON'S DEFENSES TO ADAPTIX'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement)**

Adaptix is not entitled to any relief against Verizon because Verizon has not directly infringed any claim of U.S. Patent Nos. 7,454,212 ("the '212 patent") or 6,947,748 ("the '748 patent") and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the '212 patent or the '748 patent under 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

One or more claims of the '212 patent or the '748 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and the doctrine of obviousness-type double patenting.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

Adaptix's purported claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver)**

Adaptix's purported claims are barred, in whole or in part, by waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Adaptix's purported claims are barred, in whole or in part, by the doctrines of estoppel and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

Adaptix is not entitled to injunctive relief because any alleged injury to Adaptix is neither immediate nor irreparable, and Adaptix has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Adaptix's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

On information and belief, Adaptix has failed to mark or cause to be marked patented articles with the numbers of the '212 Patent and the '748 Patent.

## NINTH AFFIRMATIVE DEFENSE
### (License or Exhaustion)

Adaptix's claims against Verizon are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, by any entity or entities having express or implied licenses to the patents-in-suit, and/or under the doctrine of patent exhaustion.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

In the mid to late 1990s, AT&T Wireless Services, Inc. ("AT&T") designed, implemented, and sold a wireless system incorporating orthogonal frequency-division multiple

access ("OFDMA") technology, code named "Project Angel."  Project Angel was a fixed wireless system that used both a base station and a remote unit for transmitting data through wireless systems based on OFDMA technology.

During AT&T's development of Project Angel, AT&T created a number of confidential documents, data, and source code related to the project.  AT&T marked the documents, data, and source code as "proprietary" and "confidential" to ensure their protection and prevent their disclosure.  For example, AT&T employees working on Project Angel were required to sign a non-disclosure agreement ("NDA") which precluded employees from disclosing AT&T's confidential information.  AT&T took additional precautions to protect Project Angel during its development, such as covering windows in buildings with metalized film to prevent non-authorized personnel from electronically eavesdropping on AT&T personnel associated with Project Angel.  AT&T also sought and obtained a number of patents related to Project Angel, resource allocation, and OFDMA technology.

James Hite started working at AT&T and on Project Angel in 1995.  Mr. Hite signed an NDA prior to working on Project Angel.  On information and belief, Mr. Hite had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

In 1998, Palaniappan Meiyappan started working at AT&T and on Project Angel.  Mr. Meiyappan signed an NDA prior to working on Project Angel.  On information and belief, Mr. Meiyappan had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

In 1996, Liang Hong started working at AT&T and on Project Angel.  Mr. Hong signed an NDA prior to working on Project Angel.  From at least 1998-2000, Mr. Hong's position was

manager of system engineering at AT&T.  Mr. Hong had access to and was provided confidential information and documents related to Project Angel, and other AT&T technologies, while employed at AT&T.  At AT&T, Mr. Hong was instrumental in the definition and implementation of the channel allocation for the AT&T Project Angel system.  He absolutely knew the details of the channel allocation algorithm used in Project Angel.

On June 20, 2000, Mr. Hong and other inventors filed patent applications on technology related to Project Angel on behalf of AT&T, which were later granted as U.S. Patent Nos. 6,801,775 and 6,801,513 and assigned to AT&T.

By April 2000, the founders of Broadstorm Inc. ("Broadstorm") had promised its investors that Broadstorm could develop a prototype of a wireless system in just 9 months. Secretly, however, founder Hui Liu knew that he could not meet that deadline without hiring others with additional skills beyond his.

In April 2000, Dr. Liu and his co-founders hatched a scheme to "lure" key AT&T Project Angel employees to Broadstorm.  Part of this scheme involved a sales "pitch" that offered new employees the chance to "retire early."  To entice key AT&T Project Angel employees, Broadstorm offered them higher salaries than anyone, other than the CEO, was being paid at Broadstorm.

Broadstorm began recruiting Mr. Hite in September 2000 due to Mr. Hite's employment with AT&T and work on Project Angel.  Mr. Hite started working at Broadstorm in October 2000 to assist Broadstorm in developing prototype wireless hardware.  Broadstorm regarded Mr. Hite as an essential and important contributor to meeting Broadstorm's aggressive technology milestones.

Broadstorm began recruiting Mr. Meiyappan in September 2000 due to Mr. Meiyappan's employment with AT&T and work on Project Angel.  Broadstorm believed that Mr. Meiyappan fit "PERFECTLY" with Adaptix's needs.  Broadstorm hoped that Mr. Meiyappan could "jump start" its design process.

Broadstorm knew Mr. Meiyappan had signed an NDA with AT&T and characterized that as a "problem."  Broadstorm recognized that there were "indeed similarities" between AT&T's Project Angel and the technology that Broadstorm wanted to develop.  One solution that Broadstorm co-founder Dr. Hui Liu offered to this "problem," was to give Mr. Meiyappan an offer and pretend we don't know anything.  That was the solution that Broadstorm adopted. Broadstorm offered Mr. Meiyappan more money than any of the named inventors on the patents in this lawsuit, and more money than any other person at Broadstorm other than its CEO.

Mr. Meiyappan started working at Broadstorm at least as early as October 1, 2000. Broadstorm co-founder Dr. Hui Liu asked Mr. Meiyappan to provide confidential information from AT&T's Project Angel design work.  Dr. Liu referred to AT&T in this exchange as "you know who," because he knew that Mr. Meiyappan had a non-compete agreement with AT&T and did not want to mention "AT&T" in writing.  Broadstorm believed that Mr. Meiyappan provided valued input to Broadstorm's technology design.  Some of Mr. Meiyappan's employment with Broadstorm occurred while he was still employed with AT&T.  While at Broadstorm, months after leaving AT&T, Mr. Meiyappan filed a patent application related to a method of allocating channels in an OFDMA system that uses the geographic location of the subscriber to determine the channel allocation.

Broadstorm began recruiting Mr. Hong on or before October 2000 due to Mr. Hong's employment with AT&T and work on Project Angel.  Broadstorm knew Mr. Hong had signed an

NDA with AT&T.  By October 24, 2000, Mr. Hong was consulting with Broadstorm regarding their technology design.  By October 29, 2000, Broadstorm had offered Mr. Hong a formal consulting agreement with Broadstorm to assist Broadstorm in wireless access network design and interface development, including the development of software and algorithms for resource allocation.  By November 8, 2000, Broadstorm regarded Mr. Hong as its group leader in network architecture, despite the fact that he was still being paid as a full time employee of AT&T.  Mr. Hong consulted extensively with Broadstorm during November and December of 2000 regarding Broadstorm's technology designs.  While employed with Broadstorm, Mr. Hong's position was senior vice president of engineering.  Mr. Hong helped design Broadstorm's fixed wireless system including the Airlink interface used to allocate channels in that system.  While at Broadstorm, Mr. Hong provided Broadstorm's management information that he characterized as "dirty laundry" about AT&T's Project Angel that was not known to the public.  Mr. Hong also provided AT&T's source code to Broadstorm's consultant who was designing Broadstorm's fixed wireless product.  Mr. Hong had no authorization from AT&T to provide any information to Broadstorm about Project Angel.

With the hiring of Mr. Hong, Mr. Hite, and Mr. Meiyappan, Broadstorm believed it could know all of the engineering details of AT&T's Project Angel and wireless OFDMA technology.

On information and belief, one or more of Mr. Hong, Mr. Hite, and Mr. Meiyappan provided Broadstorm with confidential information and documents related to AT&T's Project Angel and wireless OFDMA technology.  On information and belief, Broadstorm improperly obtained and used AT&T's confidential information and documents related to Project Angel in developing Broadstorm's wireless products and improperly claimed AT&T's work as Broadstorm property in Broadstorm patent applications.

During this litigation and/or related litigations, Adaptix produced over 50 of AT&T's confidential and proprietary documents related to Project Angel that, on information and belief, were improperly obtained, possessed, and used by Broadstorm to develop its wireless products. Adaptix has no answer as to how it obtained those documents, when it obtained those documents, who saw them, or how they were used.  Adaptix also has failed to preserve and produce metadata associated with AT&T's confidential and proprietary documents relating to Broadstorm's conduct in obtaining and possessing these documents.

Broadstorm had not executed an NDA, or any other similar confidentiality agreement, with AT&T that would allow Broadstorm access to AT&T's confidential information or documents.  Adaptix is aware of no facts showing that it would be proper for Broadstorm to have possessed the AT&T confidential information.

Adaptix is the successor-in-interest to Broadstorm, a predecessor company to Adaptix.

Adaptix is barred by the doctrine of unclean hands from enforcing the '212 patent and the '748 patent against Verizon.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Verizon, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

## NATURE OF THE ACTION

1.      These Counterclaims arise from Adaptix's baseless allegations of infringement against Verizon.

2.      According to the allegations set forth in the Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '212 patent and the '748 patent, including the rights

to sue and recover for infringement.

3.      Adaptix has accused Verizon of directly infringing, contributing to the infringement of, or inducing others to infringe the '212 patent and the '748 patent.  Verizon denies that it infringes any valid or enforceable claim of the '212 patent or the '748 patent.

4.      An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '212 patent and the '748 patent, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

5.      These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '212 patent and the '748 patent.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  This Court also has personal jurisdiction over Adaptix because Adaptix has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6.      Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue for this case is more appropriate and convenient in the Northern District of California.

## PARTIES

7.      Counterclaim-Plaintiff Verizon is a general partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.

8.      According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**COUNTERCLAIM COUNT I**
**(Non-Infringement of U.S. Patent No. 7,454,212)**

9.      Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.      Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '212 patent as properly construed.

11.      To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '212 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM COUNT II**
**(Invalidity of U.S. Patent No. 7,454,212)**

12.      Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if set forth fully herein.

13.      One or more claims of the '212 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and the doctrine of obviousness-type double patenting.

14.      To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '212 patent is invalid.

## COUNTERCLAIM COUNT III
### (Non-Infringement of U.S. Patent No. 6,947,748)

15.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

16.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '748 patent as properly construed.

17.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '748 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT IV
### (Invalidity of U.S. Patent No. 6,947,748)

18.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

19.     One or more claims of the '748 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and the doctrine of obviousness-type double patenting.

20.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '748 patent is invalid.

**PRAYER FOR RELIEF**

WHEREAS, Verizon requests that this Court enter a judgment in its favor and against Adaptix as follows:

1.      Dismiss the Complaint in its entirety, with prejudice;

2.      Enter judgment in favor of Verizon and against Adaptix;

3.      Declare that the '212 patent has not been infringed by Verizon;

4.      Declare that the '212 patent is invalid and unenforceable;

5.      Declare that the '748 patent has not been infringed by Verizon;

6.      Declare that the '748 patent is invalid and unenforceable;

7.      Declare that Adaptix is estopped from obtaining any relief from Verizon on its purported claims;

8.      Declare that this is an exceptional case under 35 U.S.C. § 285 and award Verizon its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

9.      Grant such further relief to Verizon as is just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with FED. R. CIV. P. 38(b), Verizon demands a trial by jury on all issues so triable.

Dated:  July 22, 2014                    Respectfully submitted,

                                          /s/ *Geoffrey M. Godfrey*
                                         Mark D. Flanagan
                                         Robert M. Galvin
                                         Geoffrey M. Godfrey
                                         Cortney C. Hoecherl
                                         WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                         950 Page Mill Road
                                         Palo Alto, CA  94304
                                         Phone:  (650) 858-6000
                                         Fax:  (650) 858-6100
                                         mark.flanagan@wilmerhale.com
                                         robert.galvin@wilmerhale.com
                                         geoff.godfrey@wilmerhale.com
                                         cortney.hoecherl@wilmerhale.com

                                         Michael E. Jones
                                         State Bar No. 10929400
                                         Patrick C. Clutter, IV
                                         POTTER MINTON, P.C.
                                         110 N. College Avenue, Suite 500
                                         Tyler, TX  75710
                                         Phone:  (903) 597-8311
                                         mikejones@potterminton.com
                                         patrickclutter@potterminton.com

                                         **Attorneys for CELLCO PARTNERSHIP
                                         d/b/a VERIZON WIRELESS**

                              **<u>CERTIFICATE OF SERVICE</u>**

        I hereby certify that the foregoing document was filed electronically on July 22, 2014, in
compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are
deemed to have consented to electronic service per Local Rule CV-5(b)(1).

                                          /s/ *Geoffrey M. Godfrey*
                                         Geoffrey M. Godfrey