IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>     *Plaintiff,*<br><br>v.<br><br>NEC CASIO MOBILE COMMUNICATIONS, LTD., et al.,<br><br>     *Defendants.* | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 6:13-CV-00922-MHS-CMC<br>§<br>§<br>§<br>§<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§ |

## DEFENDANT NEC CASIO MOBILE COMMUNICATIONS, LTD.'S
## FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant NEC CASIO Mobile Communications, Ltd. ("NCMC") hereby files its First Amended Answer to Plaintiff Adaptix, Inc.'s ("Adaptix") Complaint ("Complaint") filed by Adaptix on November 27, 2013.  Each of the paragraphs below corresponds to the correctly numbered paragraphs in the Complaint.[1]  NCMC denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  NCMC further denies that Adaptix is entitled to the requested relief or any other relief.

## THE PARTIES

1.     NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

---

[1] The Adaptix Complaint is incorrectly numbered starting after paragraph 25.  The numbered paragraphs in the Answer correspond to the paragraphs in the Complaint as they would be correctly numbered.

2.      NCMC admits that NEC CASIO Mobile Communications, Ltd. is a corporation registered and lawfully existing under the Laws of Japan, with a place of business at 1753, Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, JAPAN, where it can be served with process.  NCMC denies the remaining allegations of paragraph 2.

3.      NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.      NCMC admits that NEC CASIO Mobile Communications, Ltd. is a joint venture between NEC Corporation, CASIO Computer Co., Ltd. and Hitachi, Ltd., where NEC Corporation owns 70.14%, CASIO Computer Co., Ltd. owns 20.00% and Hitachi, Ltd. owns 9.26%.

5.      NCMC admits that a website exists at the URL (www.casiogzone.com/us/), which appears to contain information concerning (a) support of certain computerized communications devices, including the G'zOne Commando 4G LTE device; (b) a link to download a "G'zOne Commando 4G LTE User Guide" that states, at page 274, that "G'zGear is a trademark of NEC Casio Mobile Communications, Ltd." and, that "G'zOne is a trademark of Casio Computer Co., Ltd.; (c) contact information by phone (1-800-637-5917); by email (customercare@necam.com), and by regular mail (to NEC Corporation of America, 6535 HWY 161 Irving, TX 75039) regarding the G'zOne Commando 4G LTE device.  NCMC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6.      NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

7.      NCMC admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that the claim has any merit.   NCMC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).   NCMC denies the remaining allegations of Paragraph 7 to the extent they are directed to NCMC.   To the extent Paragraph 7 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

8.      NCMC admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(b, c) and 1400(b), but denies that this district is the most convenient venue for adjudication of the claims raised by Adaptix in this action. NCMC admits that it conducts business in this judicial district, but denies that a patent infringement cause of action has arisen as a result of its activities and specifically denies that such acts have constituted patent infringement in this district or elsewhere.   NCMC denies the remaining allegations of Paragraph 8 to the extent they are directed to NCMC.   To the extent Paragraph 8 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

9.      NCMC admits that for purposes of this action, this Court has personal jurisdiction over NCMC.   Except as so admitted, NCMC denies the allegations of Paragraph 9 of the Complaint.   To the extent Paragraph 9 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

10.     NCMC admits that it has conducted and does conduct business within this District, directly or through intermediaries, resellers, or agents.   Except as so admitted, NCMC

denies the allegations of Paragraph 10 of the Complaint.  To the extent Paragraph 10 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

<u>**COUNT I**</u>
(INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

11.     NCMC repeats and realleges its responses to Paragraphs 1-10 of the Complaint as if those allegations have been fully set forth herein.

12.     NCMC admits that the Complaint purports to be an action for patent infringement.  NCMC denies each and every infringement allegation directed at NCMC and denies all other allegations of Paragraph 12 of the Complaint.

13.     NCMC admits that the document attached to the Complaint as Exhibit A purports to be United States Patent No. 7,454,212 ("the '212 Patent") and that on its face the document is titled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING."  NCMC lacks knowledge or information sufficient to admit or deny all other allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14.     NCMC denies the allegations in Paragraph 14 of the Complaint.

15.     NCMC denies the allegations of Paragraph 15 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 15 are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Direct Infringement)

16.     NCMC denies the allegations of Paragraph 16 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 16 are directed to a

defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

17.     NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18.     NCMC denies the allegations of Paragraph 18 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 18 are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Inducement)

19.     NCMC denies the allegations of Paragraph 19 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 19 are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

20.     NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies the same.

21.     NCMC admits that it received a purported copy of the '212 Patent when it was served with the Complaint.  Except as so admitted, NCMC denies the allegations of Paragraph 21 of the Complaint.  To the extent Paragraph 21 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

22.     NCMC denies the allegations of Paragraph 22 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 22 of the Complaint

are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

23.     NCMC denies the allegations of Paragraph 23 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 23 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

24.     NCMC denies that as of the filing of the Complaint it was obligated to provide Adaptix with any evidence.  NCMC denies that Adaptix will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.  To the extent that the allegations in Paragraph 24 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Contributory)

25.     NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26.     NCMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

27.     NCMC denies the allegations of Paragraph 27 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 27 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

28.     NCMC admits that it received a purported copy of the '212 Patent when it was served with the Complaint.  Except as so admitted, NCMC denies the allegations of Paragraph

28 of the Complaint.  To the extent Paragraph 28 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

29.     NCMC denies the allegations of Paragraph 29 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 29 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

30.     NCMC admits that it received a copy of the Complaint containing Adaptix's infringement allegations.  Except as so admitted, NCMC denies the allegations of Paragraph 30 of the Complaint.  To the extent Paragraph 30 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

31.     NCMC repeats and realleges its responses to Paragraphs 1-30 of the Complaint as if those allegations have been fully set forth herein.

32.     NCMC admits that the Complaint purports to be an action for patent infringement.  NCMC denies each and every infringement allegation directed at NCMC and denies all other allegations of Paragraph 32 of the Complaint.

33.     NCMC admits that the document attached to the Complaint as Exhibit B purports to be United States Patent No. 6,947,748 ("the '748 Patent") and that on its face the document is titled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING."  NCMC lacks knowledge or information sufficient to admit or deny all other allegations of Paragraph 33 of the Complaint, and therefore denies the same.

34.      NCMC denies the allegations in Paragraph 34 of the Complaint.

35.      NCMC denies the allegations of Paragraph 35 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 35 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Direct Infringement)

36.      NCMC denies the allegations in Paragraph 36 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 36 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

37.      NCMC denies the allegations in Paragraph 37 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 37 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

38.      NCMC denies the allegations in Paragraph 38 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 38 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Inducement)

39.      NCMC denies the allegations in Paragraph 39 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 39 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

40.     NCMC denies the allegations in Paragraph 40 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 40 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

41.     NCMC admits that it received a purported copy of the '748 Patent when it was served with the Complaint.  Except as so admitted, NCMC denies the allegations of Paragraph 41 of the Complaint.  To the extent Paragraph 41 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

42.     NCMC denies the allegations in Paragraph 42 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 42 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

43.     NCMC denies the allegations in Paragraph 43 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 43 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

44.     NCMC denies that as of the filing of the Complaint it was obligated to provide Adaptix with any evidence.  NCMC denies that Adaptix will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.  To the extent that the allegations in Paragraph 44 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Contributory)

45.     NCMC denies the allegations in Paragraph 45 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 45 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

46.     NCMC denies the allegations in Paragraph 46 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 46 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

47.     NCMC denies the allegations in Paragraph 47 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 47 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

48.     NCMC admits that it received a purported copy of the '748 Patent when it was served with the Complaint.  Except as so admitted, NCMC denies the allegations of Paragraph 48 of the Complaint.  To the extent Paragraph 48 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

49.     NCMC denies the allegations in Paragraph 49 of the Complaint to the extent they are directed to NCMC.  To the extent that the allegations in Paragraph 49 of the Complaint are directed to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

50.     NCMC admits that it received a copy of the Complaint containing Adaptix's infringement allegations.  Except as so admitted, NCMC denies the allegations of Paragraph 50 of the Complaint.  To the extent Paragraph 50 of the Complaint pertains to a defendant other than NCMC, NCMC lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

## PRAYER FOR RELIEF

NCMC denies that Adaptix is entitled to any of the relief sought in the Complaint against NCMC.  Adaptix's prayer therefore should be denied in its entirety and with prejudice.  As to the other defendants, NCMC is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding relief specified in the Complaint, and therefore denies the same.  To the extent not expressly addressed above, the factual allegations in the Complaint are denied.

## AFFIRMATIVE AND OTHER DEFENSES

NCMC reserves the right to amend its answer, including asserting additional defenses and counterclaims.  In particular, NCMC reserves the right to supplement its present affirmative defenses, assert additional affirmative defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses and/or counterclaims, at law or in equity, which may now exist or in the future may become known or available as the result of discovery in this case.  Without conceding that NCMC bears the burden of proof on any of them, NCMC alleges the following affirmative and other defenses:

**FIRST DEFENSE**

**(Non-infringement of the '212 Patent)**

51.     NCMC does not and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '212 Patent directly, contributorily, by inducement, jointly, or in any other manner.

**SECOND DEFENSE**

**(Invalidity of the '212 Patent)**

52.     The claims of the '212 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

**THIRD DEFENSE**

**(Non-infringement of the '748 Patent)**

53.     NCMC does not and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '748 Patent, directly, contributorily, by inducement, jointly, or in any other manner.

**FOURTH DEFENSE**

**(Invalidity of the '748 Patent)**

54.     The claims of the '748 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

**FIFTH DEFENSE**

**(Prosecution History Estoppel)**

55.     On information and belief, by reason of proceedings in the United States Patent and Trademark Office during prosecution of the '212 Patent and the '748 Patent, and

specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, Adaptix is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of NCMC under the Doctrine of Equivalents.

## SIXTH DEFENSE

### (Equitable Doctrines)

56.    On information and belief, Adaptix's claim for damages is barred or limited by the equitable doctrines of laches, estoppel, unclean hands, acquiescence and/or waiver.

## SEVENTH DEFENSE

### (Failure to Mark)

57.    On information and belief, Adaptix has failed to mark or cause to be marked patented articles with the numbers of the '212 Patent and the '748 Patent.

## EIGHTH DEFENSE

### (Limitations on Recovery)

58.    Adaptix's claim for damages is limited by 35 U.S.C. §§ 286, 287.

59.    Adaptix is precluded from recovering costs under 35 U.S.C. § 288.

## NINTH DEFENSE

### (No Entitlement to Injunctive Relief)

60.    Adaptix's claim for injunctive relief is barred at least because Adaptix has no irreparable injury and has an adequate remedy at law.

## TENTH DEFENSE

### (Barring Claims Under Section 1498)

61.    Adaptix's claims are barred, at least in part, by 28 U.S.C. § 1498 to the extent it claims infringement of devices sold to and/or designed for the United States.

## ELEVENTH DEFENSE

### (License or Exhaustion)

62.     Adaptix's claims against NCMC are precluded in whole or in part to the extent

that any allegedly infringing products or components thereof are supplied, directly or indirectly,

to NCMC by (or by NCMC to) any entity or entities having express or implied licenses to the

patents-in-suit, and/or under the doctrine of patent exhaustion.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

63.     In the mid to late 1990's, AT&T Wireless Services, Inc. ("AWS") developed a

wireless system incorporating orthogonal frequency-division multiple access ("OFDMA")

technology, code named "Project Angel."  Project Angel used both a base station and a remote

unit for transmitting data through wireless systems based on OFDMA technology.

64.     During AWS's development of Project Angel, AWS created a number of

confidential documents, data, and source code related to the project.   AWS marked the

documents, data, and source code as "proprietary" and "confidential" to ensure their protection

and prevent their disclosure.  For example, AWS employees working on Project Angel were

required to sign a non-disclosure agreement ("NDA") which precluded employees from

disclosing AWS's confidential information. AWS took additional precautions to protect Project

Angel during its development, such as covering windows in buildings with metalized film to

prevent unauthorized personnel from electronically eavesdropping on AWS personal associated

with Project Angel.   AWS also sought and obtained a number of patents related to Project

Angel, resource allocation, and OFDMA technology.

65.     In 1996, Liang Hong started working at AWS and on Project Angel.  Mr. Hong

signed an NDA prior to working on Project Angel.   From at least 1998-2000, Mr. Hong's

position was manager of system engineering at AWS.  On information and belief, Mr. Hong had access to and was provided confidential information and documents related to Project Angel, and other AWS technologies, while employed at AWS.  On June 20, 2000, Mr. Hong and other inventors filed patent applications on technology related to Project Angel on behalf of AWS, which were later granted as U.S. Patent Nos. 6,801,513 and 6,801,775 and assigned to AWS.

66.     On information and belief, Broadstorm Inc. ("Broadstorm") began recruiting Mr. Hong in October 2000 due to Mr. Hong's employment with AWS and work on Project Angel. On information and belief, on or about October 29, 2000, Mr. Hong entered a consulting agreement with Broadstorm to assist Broadstorm in wireless access network design and interface development, including the development of software and algorithms for resource allocation.  On information and belief, Mr. Hong became an employee of Broadstorm on or about February 21, 2001.  On information and belief, while employed with Broadstorm, Mr. Hong's position was senior vice president of engineering.  On information and belief, some of Mr. Hong's consulting and employment with Broadstorm occurred while he was still employed with AWS.

67.     James Hite started working at AWS and on Project Angel in 1995.  Mr. Hite signed an NDA prior to working on Project Angel.  On information and belief, Mr. Hite had access to and was provided confidential information and documents related to Project Angel while employed with AWS.

68.     On information and belief, Broadstorm began recruiting Mr. Hite in September 2000 due to Mr. Hite's employment with AWS and work on Project Angel.  On information and belief, Mr. Hite started working at Broadstorm in October 2000 to assist Broadstorm in developing prototype wireless hardware.

69.     In 1998, Palaniappan Meiyappan started working at AWS and on Project Angel. Mr. Meiyappan signed an NDA prior to working on Project Angel.  On information and belief, Mr. Meiyappan had access to and was provided confidential information and documents related to Project Angel while employed with AWS.

70.     On information and belief, Broadstorm began recruiting Mr. Meiyappan in September 2000 due to Mr. Meiyappan's employment with AWS and work on Project Angel. On information and belief, Mr. Meiyappan started working at Broadstorm on or about October 9, 2000 to assist Broadstorm in developing prototype wireless hardware.  On information and belief, some of Mr. Meiyappan's employment with Broadstorm occurred while he was still employed with AWS.

71.     On information and belief, with the hiring of Mr. Hong, Mr. Hite, and Mr. Meiyappan, Broadstorm believed it knew all of the engineering details of AWS's Project Angel and wireless OFDMA technology.

72.     Broadstorm had not executed an NDA, or any other similar confidentiality agreement, with AWS that would allow Broadstorm access to AWS's confidential information or documents.  On information and belief, one or more of Mr. Hong, Mr. Hite, and Mr. Meiyappan provided Broadstorm with confidential information and documents related to AWS's Project Angel and wireless OFDMA technology.  On information and belief, Mr. Hong also provided portions of AWS's confidential and proprietary source code to Broadstorm on or about March 22, 2001.  On information and belief, Broadstorm improperly obtained and used AWS's confidential information and documents related to Project Angel in developing Broadstorm's wireless products.

73.     Adaptix is the successor-in-interest to Broadstorm, a predecessor company to Adaptix.

74.     On information and belief, Adaptix is in possession of over 50 of AWS's confidential and proprietary documents related to Project Angel that were improperly obtained, possessed, and used by Broadstorm to develop its wireless products.

75.     Adaptix is barred by the doctrine of unclean hands from enforcing the '212 Patent and the '748 Patent against NCMC.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff NCMC, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

## NATURE OF THE ACTION

1.     According to the allegation set forth in the Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '212 patent and the '748 patent, including the rights to sue and recovery for infringement.

2.     Adaptix has accused NCMC of directly infringing, contributing to the infringement of, or inducing others to infringe the '212 patent and the '748 patent.  NCMC denies that any of its products infringe any valid or enforceable claim of the '212 patent of the '748 patent.

3.     An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '212 patent and the '748 patent, and that the controversy is ripe for adjudication by this Court.

## THE PARTIES

4.      Counterclaimant NCMC is a corporation registered and lawfully existing under the Laws of Japan, with a place of business at 1753, Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, JAPAN.

5.      According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 208 Akard Street, Dallas, Texas 75202.

## JURISDICTION AND VENUE

6.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-02.

7.      This Court also has personal jurisdiction over Adaptix because Adaptix has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

8.      Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in another District.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Non-infringement of the '212 Patent

9.      NCMC incorporates by reference the allegations contained in Paragraphs 1 to 8 of its Counterclaims.

10.     An actual controversy exists with respect to the alleged infringement of the '212 Patent.

11.     Although Adaptix alleges in its Complaint that NCMC has directly, indirectly and/or jointly infringed the claims of the '212 Patent, NCMC has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '212 Patent.

12.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '212 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of the '212 Patent

13.     NCMC incorporates by reference the allegations contained in Paragraphs 1 to 12 of its Counterclaims.

14.     An actual controversy exists with respect to the invalidity of the '212 Patent.

15.     Although Adaptix alleges in its Complaint that the '212 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '212 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

16.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '212 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-infringement of the '748 Patent

17.     NCMC incorporates by reference the allegations contained in Paragraphs 1 to 16 of its Counterclaims.

18.     An actual controversy exists with respect to the alleged infringement of the '748 Patent.

19.     Although Adaptix alleges in its Complaint that NCMC has directly, indirectly and/or jointly infringed the claims of the '748 Patent, NCMC has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '748 Patent.

20.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '748 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Invalidity of the '748 Patent

21.     NCMC incorporates by reference the allegations contained in Paragraphs 1 to 20 of its Counterclaims.

22.     An actual controversy exists with respect to the invalidity of the '748 Patent.

23.     Although Adaptix alleges in its Complaint that the '748 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '748 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

24.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '748 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## DEMAND FOR JURY TRIAL

NCMC hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, NCMC prays for the following relief:

A.      That Adaptix's claims against NCMC be dismissed with prejudice and that Adaptix take nothing by way of its Complaint;

B.      That judgment be rendered in favor of NCMC;

C.      For a declaration that NCMC has not infringed any claim of the '212 Patent or the '748 Patent, either directly, indirectly or jointly;

D.      For a declaration that each and every claim of the '212 Patent and the '748 Patent is invalid and/or unenforceable;

E.      For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding NCMC its reasonable attorney's fees;

F.      That NCMC be awarded its costs of suit incurred in this action; and

G.      For such other and further relief as the Court deems just and proper.

Dated:  July 22, 2014

MORGAN, LEWIS & BOCKIUS LLP


 /s/ Rick L. Rambo
Rick L. Rambo
Texas State Bar No. 00791479
rrambo@morganlewis.com
Adam A. Allgood
Texas State Bar No. 24059403
aallgood@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Robert W. Busby, LEAD ATTORNEY
Virginia Bar No. 41312
(*Admitted Pro Hac Vice*)
rbusby@morganlewis.com
John D. Zele
Virginia Bar No. 36183
(*Admitted Pro Hac Vice*)
jzele@morganlewis.com
Jeremy D. Peterson
Virginia Bar No. 36183
(*Admitted Pro Hac Vice*)
jpeterson@morganlewis.com
Bradford A. Cangro
(*Admitted in the Eastern District of Texas*)
D.C. Bar No. 495996
bcangro@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000 Telephone
(202) 739-3001 Facsimile

*ATTORNEYS FOR DEFENDANT NEC*
*CASIO MOBILE COMMUNICATIONS, LTD.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served via the

Court's CM/ECF system per Local Rule CV-5(a)(3) on July 22, 2014.

*/s/ Rick L. Rambo*
Rick L. Rambo