# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>NEC CASIO MOBILE COMMUNICATIONS LTD., NEC CORPORATION OF AMERICA, and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>      Defendants. | Civil Action No. 6:13-cv-922-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S REPLY TO DEFENDANT'S
## FIRST AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff, ADAPTIX, Inc. ("Adaptix"), replies to Defendant's, NEC CASIO Mobile Communications, Ltd. ("NCMC"), First Amended Answer and Counterclaims as follows:

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

This is an introductory paragraph and no response is required. To the extent a response is required, Adaptix denies all allegations contained therein.

### NATURE OF THE ACTION

1. Admitted.

2. Adaptix admits that it accuses NCMC of directly infringing, contributing to the infringement of, and/or inducing others to infringe U.S. Patent Nos. 7,454,212 ("the '212 Patent") and 6,947,748 ("the '748 Patent"). Adaptix denies all other allegations of Paragraph 2.

3. Admitted.

## THE PARTIES

4. Upon present information and belief, Adaptix admits that NCMC is a corporation registered and lawfully existing under the Laws of Japan, with a principal place of business at 1753, Shimonumabe, Nakahara-Ku, Kawasaki, Kanagawa, 211-8666, JAPAN.

5. Denied.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Adaptix admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391. Adaptix denies all remaining allegations in Paragraph 8.

## COUNTERCLAIM COUNT I
### Declaratory Judgment of Non-Infringement of the '212 Patent

9. Adaptix repeats and realleges the responses to Paragraphs 1-8 of the Reply as if fully set forth herein.

10. Admitted.

11. Adaptix admits that it has alleged that NCMC has directly, indirectly, and/or jointly infringed the claims of the '212 Patent. Adaptix denies all remaining allegations of Paragraph 11.

12. Admitted.

## COUNTERCLAIM COUNT II
### Declaratory Judgment of Invalidity of the '212 Patent

13. Adaptix repeats and realleges the responses to Paragraphs 1-12 of the Reply as if fully set forth herein.

14. Admitted.

15. Adaptix admits that it alleges in its Complaint that the '212 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Adaptix denies all other allegations of Paragraph 15.

16. Admitted.

### COUNTERCLAIM COUNT III
### Declaratory Judgment of Non-Infringement of the '748 Patent

17. Adaptix repeats and realleges the responses to Paragraphs 1-16 of the Reply as if fully set forth herein.

18. Admitted

19. Adaptix admits that it has alleged that NCMC has directly, indirectly, and/or jointly infringed the claims of the '748 Patent. Adaptix denies all remaining allegations of Paragraph 19.

20. Admitted.

### COUNTERCLAIM COUNT IV
### Declaratory Judgment of Invalidity of the '748 Patent

21. Adaptix repeats and realleges the responses to Paragraphs 1-20 of the Reply as if fully set forth herein.

22. Admitted.

23. Adaptix admits that it alleges in its Complaint that the '748 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Adaptix denies all other allegations of Paragraph 23.

24. Admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

NCMC infringes one or more claims of U.S. Patent Nos. 7,454,212 and 6,947,748.

### PRAYER FOR RELIEF

WHEREFORE, Adaptix respectfully requests that this Court:

a.  Enter judgment in favor of Adaptix on all issues set forth in NCMC's First Amended Answer and Counterclaims;

b.  Deny all relief requested in NCMC's First Amended Answer and Counterclaims;

c.  Grant the relief requested by Adaptix in its Complaint, and

d.  Grant Adaptix such further relief as this Court may deem just and proper.

### JURY DEMAND

Adaptix demands trial by jury on all issues set forth in NCMC's First Amended Answer and Counterclaims so triable.

| | |
|---|---|
| Date:  August 12, 2014 | **ADAPTIX, INC.** |
| | |
| | By: */s/  Paul J. Hayes* |
| | Paul J. Hayes |
| | Steven E. Lipman |
| | **HAYES MESSINA** |
| | **GILMAN & HAYES, LLC** |
| | 200 State Street, 6th Floor |
| | Boston, MA 02109 |
| | Tel: (617) 439-4200 |
| | Fax: (617) 443-1999 |
| | Email:  phayes@hayesmessina.com |
| | Email:  slipman@hayesmessina.com |
| | |
| | Craig Tadlock |
| | Texas State Bar No. 00791766 |
| | Keith Smiley |
| | Texas State Bar No. 24064869 |
| | **TADLOCK LAW FIRM PLLC** |
| | 2701 Dallas Parkway, Suite 360 |
| | Plano, Texas 75093 |
| | Phone:  (903) 730-6789 |
| | Email:  craig@tadlocklawfirm.com |
| | keith@tadlocklawfirm.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF** |
| | **ADAPTIX, INC.** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on August 12, 2014.  As such, this document was served on all counsel of record who are deemed to have consented to electronic service per Local Rule CV-5(b)(1).

                                               /s/ *Paul J. Hayes*